[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff George Dobuzinsky has filed a five count complaint against the defendant Judith Dobuzinsky and Access Audio Visual Systems, Inc., a corporation of which he and the individual defendant are both shareholders.
In the First Count, he alleges fraud and mismanagement of the corporation against the individual defendant and prays for a dissolution of the corporation and other relief.
In the Second Count, he alleges the same conduct and asks for money damages from the individual defendant.
In the Third Count, the plaintiff asks for an accounting pursuant to Conn. Gen. Stat. Sec. 52-401.
In the Fourth Count, the plaintiff alleges that the individual defendant has engaged in unfair trade practices pursuant to Conn. Gen. Stat. § 42-110a, and he requests money damages.
In the Fifth Count, the plaintiff alleges that both defendants have intentionally inflicted emotional distress upon him, and he requests money damages.
In the Sixth Count, the plaintiff alleges that both defendants have failed to pay him wages to which he is entitled, and he seeks money damages.
In the Seventh Count, the plaintiff alleges the misuse by the individual defendant of certain bank accounts belonging to a CT Page 6682 partnership of which the plaintiff and the individual defendant are partners. He seeks injunctive relief to prevent her from denying him access to these accounts.
On April 9, 1999, the individual defendant filed an election, pursuant to Conn. Gen. Stat. § 33-900 to purchase the shares of the plaintiff in the corporation. That statute specifies that when one shareholder has filed a petition to dissolve a corporation, one or more shareholders may elect to purchase the petitioners shares at fair value. The statute allows such election to be filed within ninety days after the filing of the petition. Once filed, the election is irrevocable without court order; and the action to dissolve the corporation is not subject to withdrawal or settlement without leave of the court. Conn. Gen. Stat. Sec. 33-900(b).
Also on April 9, 1999, the plaintiff filed a withdrawal of the action, without requesting consent by the defendants and without requesting leave of the court.
The court has conducted an evidentiary hearing to determine the efficacy of the withdrawal, i.e., whether the withdrawal was filed before the election, or whether the election was filed first, thus invalidating the unilateral withdrawal by the plaintiff of the petition to dissolve the corporation. The court is satisfied on the basis of the evidence that the election was filed first in time, and thus the withdrawal is invalid as to the First Count of the Complaint that requests a dissolution of the corporation.
The court cannot determine if in light of the continued pendency of that count the plaintiff still desires to withdraw his other claims. Therefore the court believes the better course is to treat the entire withdrawal as ineffective, but to allow the plaintiff to file a new withdrawal of the other counts without costs, in accordance with the applicable Practice Book rules, should he chooses to do so.
The withdrawal is without effect, and it is hereby ordered vacated. The parties shall proceed to address the election, pursuant to Conn. Gen. Stat. § 33-900.
Patty Jenkins Pittman, Judge CT Page 6683